IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**EDDIE THOMAS, #R3483**                                                                  **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO.  3:04cvcv365TSL-AGN**

**CHRISTOPHER EPPS**                                                 **DEFENDANT**

OPINION AND ORDER

On May 17, 2004, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status.  On September 21, 2004, this cause was dismissed for the plaintiff's failure to comply with multiple court orders.  On October 28, 2004, the plaintiff filed a letter-motion asking the court to reconsider its dismissal and to allow the plaintiff to proceed with this cause.

On November 23, 2004, this court entered an order granting the plaintiff's letter-motion to reopen this case.  The court's order of November 23, 2004, advised the plaintiff that if he failed to timely comply with any order of the court, that his case would be dismissed without further notice to him and it would not be reopened.  On February 11, 2005, an order was entered directing the plaintiff to file an amended complaint within twenty days.  The plaintiff was warned in the order of February 11, 2005, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.  However, although more than twenty days passed from the entry of that order, the plaintiff did not file an amended complaint.

On April 4, 2005, this court entered an order directing the plaintiff to show cause as to why this case should not be dismissed for his failure to amend as directed in its order of February 11, 2005, and further directed the plaintiff to comply with that order, within fifteen days.  Although

more than thirty days have passed since the entry of that order, the plaintiff has failed to comply. The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit. A copy of the order was mailed to the plaintiff at his last known address.

According to the court records, the plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's orders. The plaintiff's failure to comply with any order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630. Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   10th   day of May, 2005.

                                         /s/ Tom S. Lee
                                          UNITED STATES DISTRICT JUDGE